**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT J. REID, | ) | |
| | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-459 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. No. 1]. The United States responded and has filed an opposition to the motion. Counsel for Movant has filed a reply. For the reasons set forth below, Movant's Motion to Vacate will be denied.

### Procedural History

Movant was indicted in May 2016. Count One of the Indictment charged Movant with violating 21 U.S.C.§ 841(a)(1) knowingly and intentionally possessing with intent to distribute a quantity of heroin. Count Two charged Movant with violating 18 U.S.C.§ 924(c)(1) possession of a firearm in furtherance of a drug trafficking crime. Count Three charged Movant with violating 18 U.S.C. §922(g)(1) felon in possession of a firearm.

Following waiver of pretrial motions, Movant pled guilty in November 2016, to one count of possessing with intent to distribute heroin and possessing a firearm as a previously convicted felon. In exchange, the Government dismissed the count of possessing a firearm in furtherance of a drug trafficking crime.

In the plea agreement, the Government articulated its belief that Movant would qualify as a career offender at sentencing.

The United States Probation Office prepared a Presentence Investigation Report regarding Movant. It documented that Movant had two drug offenses that qualified as career offender predicates. In 2003, he was convicted of attempted possession of a controlled substance with intent to deliver. PSR, ¶ 40 (citing State v. Reid, Case No. 2103R-01366 (Mo. 21st Jud. Cir. Ct. Dec. 4, 2003)). In 2006, he was convicted of sale of a controlled substance. PSR, ¶ 42 (citing State v. Reid, Case No. 2104R-01839A (Mo. 21st Jud. Cir. Ct. Jan. 27, 2006). Because of these convictions, Petitioner qualified as a career offender pursuant to U.S.S.G. § 4B1.1 and his Adjusted Offense Level was increased from 30 to 32. PSR, ¶¶ 31, 32. After acceptance of responsibility, Movant's total offense level was 29. PSR, ¶ 35. His criminal history category was determined to be Category VI, both because he was a career offender but also because he had 15 criminal history points. PSR, ¶¶ 52, 53.

Movant objected to the PSR, arguing that neither drug crime should count as a controlled substance offense under Section 4B1.1. The objections were overruled, and the Court adopted the PSR as its finding of facts and conclusion of law. Movant's guideline range was calculated to be 151-188 months. The Court sentenced him to a 151-month period of incarceration.

On appeal, Petitioner challenged both convictions as career offender predicates, as well as the substantive reasonableness of the sentence. *United States v. Reid*, 887 F.3d 434 (8th Cir. 2018). The Eighth Circuit Court of Appeals rejected Movant's arguments that his two convictions were not career offender predicates. *Id.* at 436-37. The Appellate Court also rejected Movant's substantive reasonableness claims. *Id*. at 438. It affirmed his sentence. *Id*.

In 2022, Missouri voters adopted Amendment 3, which enacted widespread expungement of many marijuana convictions. Mo. Const. Art. XIV, § 2.10(7)-(8). As a result, in December 2023, the 21st Judicial Circuit Court of Missouri entered an order expunging Count One of Case No. 2104R-01839A. His conviction under Count Two for resisting arrest remained unaffected. Movant now seeks relief based on the expungement of his marijuana convictions.

**Standard of Review**

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on the grounds that the sentence was imposed in violation of the Constitution or laws of the United

States, or that the court lacked jurisdiction to impose such a sentence. "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (internal citations omitted).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Feather v. United States*, 18 F.4th 982, 989 (8th Cir. 2021) (cleaned up; quoted case omitted). The Court may dismiss a claim without an evidentiary hearing "when the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* The Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the record in this case.

## Discussion

As stated, supra, in 2022, Missouri voters adopted Amendment 3, which resulted in the expungement of many state marijuana convictions. Mo. Const. Art. XIV, § 2.10(7)-(8). Movant asserts in his Motion to Vacate that in December 2023, his marijuana offenses were expunged from his criminal record. The Government acknowledged these arrests and convictions in the Plea Agreement and the PSR referred to these arrests and convictions as a basis for Movant's total offense level calculation. In his Motion to Vacate, Movant argues that these arrests and convictions can no longer be used as prior convictions for career criminal status. Movant moves that the Court vacate his sentence, and that he be resentenced without using these offenses as the bases for the enhanced sentence.

The Government opposes Movant's Motion to Vacate. The Government argues the motion fails on the merits, because Missouri's expungement of certain marijuana convictions is not recognized by the Sentencing Guidelines, and Movant's federal sentence is unaffected by the expungements.

**Movant's Marijuana-Related Convictions Remain Valid Convictions Under the Sentencing Guidelines, Despite the State Expungement.**

Movant seeks to have his conviction overturned because his state marijuana convictions were expunged, Movant's motion is without merit. Movant's past marijuana possessions were used to sentence him as a career offender, but the expungement of those convictions does not erase the fact that he did possess

marijuana with the intent to distribute it. An officer would not be prohibited from testifying about the facts of an arrest and Movant's possession of marijuana because the misdemeanor was expunged.

Movant's request that he be resentenced because his arrests and convictions for marijuana possession, which formed the basis for his career criminal status and total offense level calculation under the Sentencing Guidelines, have been expunged. "Sentences for expunged convictions are not counted," for purposes of computing criminal history under the Guidelines. U.S.S.G. § 4A1.2(j). However, the Guidelines do not define the term "expunged." According to the Eighth Circuit, "when determining whether a conviction is 'expunged' under the guidelines, a court must examine the 'basis' for the expunction." *United States v. Townsend*, 408 F.3d 1020, 1024 (8th Cir. 2005). The Eighth Circuit has further instructed that "a state's use of the term 'expunge' is not controlling in determining whether a conviction is properly included in calculating a defendant's criminal history category," and it defined expunged convictions under the Guidelines as those: "(1) reversed or vacated due to legal errors or later-discovered evidence exonerating the defendant, or (2) ruled constitutionally invalid." *Id.* at 1023 (citing § 4A1.2, cmt. n.6).

More recently, in *Lozano v. United States*, 171 F.4th 1025 (8th Cir. 2026), the Eighth Circuit examined whether Missouri's expungement of convictions for

nonviolent marijuana offenses under Amendment 3 qualified as “expunged” under the Guidelines. 171 F.4th at 1033. After examining the definition of expunged set forth in *Townsend,* the Eighth Circuit concluded that the expungement of a conviction as a result of Missouri’s Amendment 3 was not an expunged conviction within the meaning of the Guidelines. *Id.* at 1034. Accordingly, the Court finds Movant’s prior marijuana convictions were not expunged for purposes of his career criminal status, and his claim that these arrests and convictions can no longer be considered for purposes of sentencing is meritless. *Id.* The Court denies and dismisses Movant’s Motion to Vacate on the merits.

**Certificate of Appealablity**

The federal statute governing certificates of appealability provides that “[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.” 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that “issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.” *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Having thoroughly reviewed the record in this case, the Court finds that Movant has failed to make the requisite “substantial showing.” *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Therefore, a certificate of appealability will not issue.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 1], is **DENIED.**

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in the § 2255 Motion to Vacate because Movant has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

A separate judgment in accordance with this Opinion, Memorandum and Order shall issue this same date.

Dated this 17th day of November, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE